IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-01631-RBJ

SHELLY R. POTSKO,

    Plaintiff,

v.

BRECKENRIDGE FAMILY DENTAL, PLLC,
a Colorado professional limited liability company, and
DILLON FAMILY DENTAL, PLLC,
a Colorado professional limited liability company,

    Defendants.

## ORDER

This matter is before the Court on defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [docket #6].

**Facts**

The plaintiff, Shelly R. Potsko, was employed as a dental assistant at Breckenridge Family Dental ("BFD"). Ms. Potsko's role as dental assistant at BFD also included handling matters for Dillon Family Dental ("DFD"). She reported to both Dr. Gregory Jungman out of the DFD office and Dr. Robert Meister out of the BFD office. Ms. Potsko alleges that other employees were also required to work at both locations and that, in many respects, the operations of BFD and DFD were integrated.

During her employment with BFD, Ms. Potsko alleges that she was subjected to sexual discrimination and harassment by Dr. Meister, and that she subsequently complained of the offensive behavior to both Drs. Meister and Jungman.

Ms. Potsko was terminated on November 29, 2010. After exhausting her administrative remedies with the Equal Employment Opportunity Commission, Ms. Potsko filed this lawsuit, asserting claims under Title VII of the Civil Rights Act of 1964 for sexual discrimination and harassment and for retaliation.

**Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss the complaint for lack of subject matter jurisdiction. Rule 12(b)(1) motions may come in two forms: either "a facial attack on the complaint's allegations as to subject matter jurisdiction [that] questions the sufficiency of the complaint" or "a factual attack" on the facts upon which the subject matter jurisdiction depends. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

On a factual attack under Rule 12(b)(1), the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* Nonetheless, where resolution of the jurisdictional question "is intertwined with the merits of the case," the court must convert the Rule 12(b)(1) motion into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion. *Id.*; Fed. R. Civ. P. 12(d).

**Conclusions**

Defendants argue that subject matter jurisdiction does not exist because, under 42 U.S.C. § 2000e(b), BFD is not an "employer" that "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." Ms.

Potsko, however, argues that BFD and DFD have a single- or joint-employer relationship that satisfies the numerical requirement of Title VII.

The Court does not find it necessary to reach the question of whether BFD and DFD share a single- or joint-employer relationship satisfying the numerical requirement of Title VII. In *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), the Supreme Court considered "whether the numerical qualification contained in Title VII's definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." 546 U.S. at 503. The Court held that the "numerical threshold does not circumscribe federal-court subject-matter jurisdiction," because that threshold appears in a provision separate from Title VII's jurisdictional provision. *Id.* at 504,515. Therefore, "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 516.

Accordingly, because defendants' status as an "employer" under Title VII is a question on the merits and not a question of subject matter jurisdiction, the Court DENIES defendants' Rule 12(b)(1) motion.[1]

---

[1] Defendants urge the Court not to convert their Motion to Dismiss into one for summary judgment, as Ms. Potsko has suggested. The Court notes that, even if it were to convert the Rule 12(b)(1) motion into a Rule 12(b)(6) motion to dismiss for failure to establish an element of the Title VII claims, the motion should be treated as one for summary judgment under Rule 56 because it contains matters outside the pleadings. Fed. R. Civ. P. 12(d). A motion for summary judgment would similarly be denied at this preliminary stage in the proceedings so that the parties may have a thorough opportunity to conduct discovery.

**Order**

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [docket #6] is DENIED.

DATED this 25th day of February, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge